UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAY GLENN,
Plaintiff,

v.                                    Case No. 1:16-cv-01452-RCL

THOMAS FORTUNE FAY,
FAY LAW GROUP, P.A.,
STEVEN R. PERLES, and
PERLES LAW FIRM, P.C.,
Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF AMENDED MOTION TO DISMISS OF DEFENDANTS THOMAS FORTUNE FAY AND FAY LAW GROUP, P.A.**

**I. Introduction**

Mr. Glenn has brought an action seeking declaratory relief for repudiation of a contract, grounding jurisdiction in diversity of citizenship.  Under applicable District of Columbia law, Mr. Glenn had three years from the time he elected to treat the repudiation as a breach of contract to litigate his claim.  The complaint states that repudiation occurred in 2010 and judicial documents that this Court may judicially notice establish that Mr. Glenn in that same year chose to treat that repudiation as a breach, bringing an action on the claim in the United States District Court for the Southern District of New York.   Mr. Glenn's action here, based on the same contractual relations at issue in the New York action, is time-barred.

**II. Mr. Glenn's Cause of Action is for Breach of Contract.**

Mr. Glenn styles his cause of action as one for declaratory judgment under the Declaratory Judgment Act, 22 U.S.C. §2201.  Complaint, Doc. 1, ¶1 and p.6

1

(heading).  But the Declaratory Judgment Act does not provide a cause of action; it provides only that a court may grant a certain kind of relief for an otherwise existing cause of action.  *Malek v. Flagstar Bank*, 70 F. Supp. 3d 23, 28 (D.D.C. 2014).  The Complaint here sounds in contract.  It alleges that Mr. Glenn contracted with the Defendants for a 3% contingency fee for performing certain tasks on behalf of certain clients, Doc. 1, ¶ 13, and an 11.1% contingent referral fee for certain other clients.  *Id.*, ¶¶13, 16.  It also alleges that the Defendants in 2010 repudiated any contractual duty to pay Mr. Glenn the fees to which he here claims entitlement, *id.*, ¶¶22 ("Nevertheless, Glenn was advised by Fay in 2010 that Glenn would not be paid any amount under the Associate Counsel Agreement or Additional Fee Agreement."), and seeks relief.  *Id.*, 27-28.

### III. Mr. Glenn in 2010 Chose to Treat Repudiation as Breach of Contract, Bringing Judicial Action Against These Parties to Construe Rights and Obligations Under the Repudiated Agreements.

Under applicable District of Columbia law[1], when his contract was repudiated in 2010, Mr. Glenn had the option of electing to treat repudiation as a breach and seeking relief immediately or of waiting until the executory agreement was fully performed and subsequently bringing any claim for breach.  *Eastbanc, Inc. v. Georgetown Park Associates II, L.P.*, 940 A.2d 996, 1007-08 (D.C. 2008).  Mr. Glenn in 2010 treated the repudiation as a breach, seeking relief in the United States District Court for the Southern District of New York, *Glenn v. Fay*, Case No. 1:10-cv-

---

[1] District of Columbia law is applicable as the law of the forum, but also as designated by the contract under which Glenn claims entitlement.  Doc. 1-1, 3.

2

08287-WHP.[2] *Eastbanc, Inc. supra,* 940 A.2d, 1008 ("One method of manifesting [] an election is to file an action for breach of contract.") (citing 23 Williston & Lord § 63:55, at 666).  Mr. Glenn's claim in New York, like this one, sought declaratory relief, Ex. 2, ¶¶ 237, 242, and Prayer for Relief, 33; *Glenn v. Fay*, Case No. 1:10-cv-08287-WHP, Doc. 29, Memorandum in Opposition to Motion to Dismiss, 16 attached as Exhibit 3), and was grounded in the repudiation of the same agreements at issue here.  Ex.. 2, ¶¶ 46, 232 (3% contingent agreement); ¶¶49, 233(11.1% referral fee); ¶¶229-231 (alleging repudiation); Ex. 3, 16 (citing repudiation and asserting that declaratory relief would remedy it).  The claims made are incontrovertible evidence that Mr. Glenn, in 2010, chose to treat the repudiation as breach.[3]

## IV. Mr. Glenn's Current Action is Barred By a Three Year Statute of Limitations

Under *Eastbanc*, *Inc., supra,* 940 A.2d, 1008-09, Mr. Glenn's election triggers the running of the statute of limitation, as any cause of action for breach of contract accrued in 2010.  Any subsequent claim based on breach of contract was required to have been brought within three years.  D.C. Code Ann. § 12-301(7)(contract), 8 (catchall).  The current filing, six years later, is clearly time-barred.

---

[2] The Docket Sheet, available on PACER and attached here as Exhibit 1), indicates that Defendants named here, Fay and Perles, were Defendants in that case.  The original and First Amended Complaints are not available on PACER, but the Second Amended Complaint, on which the case was litigated, is Doc. 18, cited here and attached as Exhibit 2.  Documents from this case are permissibly reviewed by this Court in deciding a Motion to Dismiss.  *Phillips v. Bureau of Prisons*, 591 F.2d 966, 969 and n. 9 (D.C. Cir. 1979)(citing 5 C. Wright & A. Miller, Federal Practice, § 1357, 593 (1969)).

[3] Mr. Glenn's case in New York was dismissed for lack of jurisdiction and for improper venue on July 29, 2011.  *Glenn v. Fay*, Case No. 1:10-cv-08287-WHP, Doc. 32 attached as Exhibit 4.  Defendants cite the pleadings as evidence of the election made, not for any preclusive effect.

## V. Conclusion

Mr. Glenn's case being time-barred, it must be **DISMISSED WITH PREJUDICE** with regard to Defendants Thomas Fortune fay and Fay Law Group, P.A.

Respectfully submitted,

FAY LAW GROUP, P.A.

_____/s/ John Vail_____
John Vail, of Counsel   (DC Bar 461512)
777 Sixth Street, NW
Suite 410
Washington, D.C.  20001
(202) 589-1300
Fax   589-1721
john@johnvaillaw.com


BOND & NORMAN LAW, P.C.

_____/s/ Ferris Ridgely Bond_____
Ferris Ridgely Bond (D.C. Bar 372607)
777 6th Street, N.W.
Suite 410
Washington, D.C. 20001
202-682-4100 telephone
202-207-1041 fax
Ferrisbond@bondandnorman.com


_____/s/ Jane Carol Norman_____
Jane Carol Norman (D.C. Bar 384030)
777 6th Street, N.W.
Suite 410
Washington, D.C. 20001
202-682-4100 telephone
202-207-1041 fax
Janenorman@bondandnorman.com

*Attorneys for Defendants Thomas Fortune Fay and Fay Law Group, P.A.*