# EXHIBIT 1

## Opposition to Glenn's Motion for Leave to Intervene (Excerpt)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEBORAH D. PETERSON, et al.,<br>Plaintiffs,<br>v.<br>ISLAMIC REPUBLIC OF IRAN, et al.,<br>Defendants. | 18 Misc. 302 (BSJ) |

**MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR LEAVE TO INTERVENE BY PROPOSED INTERVENOR JAY GLENN**

**INTRODUCTION**

On or about June 13, 2003, the Law Offices of Fay & Perles retained the services of Jay Glenn (hereinafter "Glenn") as an independent contractor for the purpose of, in pertinent part, preparing all witnesses for hearings, presentation of all evidence to the Court or Special Master and presentation of all records and medical reports to the court. A copy of the agreement is annexed to the Declaration of Jay Glenn dated March 14, 2011, as Exhibit A, both annexed to the accompanying Declaration of Liviu Vogel dated May 2, 2011, hereto as Exhibit A.

As a result of the agreement between the Law Offices of Fay & Perles and Glenn, Glenn was entitled to receive a 3% contingent fee from the gross amount *collected* from the Defendants with respect to compensatory damages as to each individual client of the Law Offices of Fay and Perles with whom Glenn worked, plus necessary expenses incurred in the preparation, prosecution and administration of the case. Glenn does not have an agreement with or for the

right. *See Hartford Fire Ins. Co. v. Mitlof,* 193 F.R.D. 154 (S.D.N.Y. 2000). As set forth below, Glenn cannot show an interest in an action, demonstrate that his interest is being impaired, and that whatever interest he has, if any, is not being adequately protected.

*A* *As Framed in the Moving Papers the Movant does not Seek to Intervene in an Action*

Key to the rights to intervene under Rule 24(a) is the pendency of an action. Rule 3 of the Federal Rules of Civil Procedure makes clear that a civil action is commenced by filing a complaint with the Court. The Peterson Plaintiffs filed a complaint with the United States District Court of the District of Columbia under Civil Action Numbers 01-2094(RCL) and 1-2684 (RCL). That action was concluded upon the entry of final judgment on September 7, 2007 awarding Plaintiffs damages in the total amount of $2,656,944,877.00. That judgment was thereafter registered in this Court and remains of record. The registered judgment and post-judgment proceedings for enforcement thereof have been pursued by the Plaintiffs under Civil Action No.18 Misc. 302. The proceedings under the Civil Action No. 18 Misc. 302 do not constitute the commencement of an "action" to effect the payment to Plaintiffs of assets that are restrained in the possession of Citibank and Clearstream. See, *Hartley Pen Co. v. Lindy Pen Co., Inc.*, 16 F.R.D. 141, 146 (S.D. Cal. 1954) where the Court stated, "[a] pending suit within Federal jurisdiction is by definition prerequisite to intervention. [Citations omitted]"

The proceedings in which Mr. Glenn seeks to intervene (18 Misc. 302) consist of ongoing motion practice between the Peterson Judgment Creditors and the garnishees in order to preserve the restraint of the assets. This is not an action as contemplated by Fed. R. Civ. P. 3.

*B.* *Glenn's interests, if any, is contingent and too remote.*

Glenn would have to show a recognizable interest sufficient to satisfy the "case or controversy requirement" under Article III. The interest must be "significantly protectable" and

direct as opposed to "remote or contingent." *See Hartford Fire Ins. Co., supra, at 160.* Specifically, "an interest that is . . . contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule." *Id., quoting Washington Electric Cooperative, Inc. v. Massachusetts Municipal Wholesale Electric Co., 922 F.2d 92 (2nd Cir. 1990).* Absent an interest in this case, Glenn cannot intervene. *See Hartford Fire Ins. Co., supra.*

Glenn's interest, if any, is based upon a double contingency: The Plaintiffs must first win a turnover order of the restrained assets against the proper garnishee(s), and a court must determine what, if any, interest in the recovered assets Mr. Glenn has.

Therefore, Glenn is unable to show an "interest" in this action as required by Fed. R. Civ. P. 24(a)(2) and thus, the motion fails on its face.

*C.* <u>*Glenn's interest, if any, is being adequately represented.*</u>

The Second Circuit has held "[w]hile the burden to demonstrate inadequacy of representation is generally speaking "minimal," . . . a more rigorous showing of inadequacy in cases where the putative intervenor and a named party have the same objective" is required. *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 180 (2nd Cir. 2001) (*where Second Circuit recognized that evidence of collusion, adversity of interest, nonfeasance, or incompetence **may** suffice to overcome presumption of adequate representation, but in light of the named party's attorneys legal efforts having included an 80-day trial, a subsequent appeal, and further proceedings following the appeal, the record did not support any allegation of inadequacy*).

As aforementioned, the Peterson Plaintiffs' objective is clearly to collect on their money judgment. Glenn, whose fee is contingent upon the Peterson Plaintiffs collection undoubtedly seeks the same objective – collection. Thus, Glenn has the burden to make *a more rigorous*

Glenn's motion be denied in its entirety.

DATED: May 2, 2011

SALON MARROW DYCKMAN NEWMAN & BROUDY

By: ________________________

Liviu Vogel
292 Madison Avenue
New York, NY 10017
Telephone: 212-661-7100
Facsimile: 212-661-3339
*Attorneys forPlaintiffs*