# **EXHIBIT 2**

**Memorandum of law in Support of Motion to Dismiss the New York Action (Excerpt)**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **JAY GLENN,**<br><br>Plaintiff,<br><br>vs.<br><br>**THOMAS FORTUNE FAY, *et al.***<br><br>Defendants. | Civ. Action No. 10-cv-8287 (WHP) |

**MEMORANDUM OF LAW OF THOMAS FAY, STEVEN PERLES AND FAY & PERLES IN SUPPORT OF THEIR MOTION TO DISMISS**

James P. Bonner
Stone Bonner & Rocco LLP
260 Madison Avenue, 17th Floor
New York, New York 10016
(212) 239-4340

*Attorney for Defendant Steven Perles*

Annie Kaplan
Fay Kaplan Law
777 Sixth Street NW, St. 410
Washington, DC 20001
(202) 589-1300

*Attorney for Defendants Thomas Fortune Fay and Fay and Perles*

appeared in Glenn's pleadings only after Defendants demonstrated the absence of personal jurisdiction in their pre-motion submissions) cannot suffice to justify the exercise of jurisdiction over this matter.[8]

Finally, even if *in rem* jurisdiction could conceivably be appropriate here, Glenn is precluded from seeking relief under 28 U.S.C. § 1655 because he failed to follow the "warning order" procedure explicitly required by the statute.[9] 28 U.S.C. § 1655; Levitt v. FBI, 70 F.Supp.2d 346, 351 n.37 (S.D.N.Y. 1999) ("a Plaintiff seeking to invoke Section 1655, however, must apply for a 'warning order' directing the absent defendant to appear or plead by a day certain. [Plaintiff] has not sought such an order, which is essential to the court's ability to proceed to judgment").

**III. THE COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE GLENN HAS NOT ASSERTED A JUSTICIABLE CLAIM**

Article III of the Constitution limits the jurisdiction of federal courts to "actual 'cases or controversies'" and requires that a case be ripe for adjudication. See, e.g., Allen v. Wright, 468 U.S. 737, 750 (1984). The ripeness doctrine prevents a court "from entertaining claims based on contingent future events that may not occur as anticipated or at all." E.g., City of New Rochelle v. Town of Mamaroneck, 111 F.Supp.2d, 353, 359 (S.D.N.Y. 2000); accord, e.g., Morgan v.

---

[8] Glenn's third cause of action – by which he seeks access to the filings in the Collections Actions – indisputably seeks only *in personam* relief against Defendants.

[9] "In an action in a district court to enforce any lien upon or claim to, or to remove any encumbrance or lien or cloud upon the title to, real or personal property within the district, where any defendant can not be served within the State, or does not voluntarily appear, the court may order the absent defendant to appear or plead by a day certain. Such order shall be served on the absent defendant personally if practicable, wherever found, and also upon the person or persons in possession or charge of such property, if any. Where personal service is not practicable, the order shall be published as the court may direct, not less than once a week for six consecutive weeks." 28 U.S.C. § 1655.

McColter, 365 F.3d 882, 890 (10th Cir. 2004) (whether a case is fit for judicial resolution depends on "'whether the case involves uncertain or contingent future events that may not occur at all'"), quoting New Mexicans for Bill Richardson v. Gonzales, 64 F.3d 1495, 1499 (10th Cir. 1995). Two criteria are generally considered in determining if a case is constitutionally ripe; first, the fitness of the issue for judicial decision and second, the hardship to the parties of withholding court consideration. Nat'l Park Hospitality Ass'n v. Dep't of Interior, 538 U.S. 803, 808 (2003). A federal court may issue declaratory relief only "[i]n a case of actual controversy within its jurisdiction." 28 U.S.C. § 2201.

Plaintiff's allegations do not suffice to establish an actual, ripe case or controversy regarding his entitlement to the charging lien he seeks. Glenn concedes that his entitlement to fees is entirely contingent upon the collection of Iranian assets by the Peterson Plaintiffs and a resulting distribution of payments to the Fay & Perles clients for whom Glenn performed services pursuant to his contract with Fay & Perles. The history of collections activities in Foreign Sovereign Immunities Act anti-terrorism litigation demonstrates irrefutably that it remains highly uncertain whether the Peterson Plaintiffs will collect any of the assets under attachment in this District. See, e.g., Republic of Iraq v. Beaty, 129 S.Ct. 2183 (2009); Rubin v. Islamic Republic of Iran, No. 08-2805, 2011 U.S. App. LEXIS 6394, at *2-16 (7th Cir. 2011) (describing a multiple year, ongoing effort by judgment-creditors in a terrorism action to enforce their judgment against Iranian assets held by the University of Chicago).

Thus, Glenn is putting the proverbial cart before the horse in this case by attempting to adjudicate his entitlement to his fees according to his factually unsupported formulation and theories when the Peterson Plaintiffs, who suffered horrific injuries and death, have not yet collected any funds to satisfy their outstanding judgment against Iran. This unseemly and

premature effort on Glenn's part to obtain an advisory opinion on his future, contingent fees does not present the type of "actual controversy" required to sustain a viable declaratory judgment proceeding. See Firestone v. Wiley, 485 F.Supp.2d 694, 700 (E.D. Va. 2007) (dismissing declaratory judgment action where plaintiff shareholder failed to show requisite "immediacy" of injury arising from proposed corporate dissolution because "(i) [the] corporate dissolution has not been approved by [the] shareholders, (ii) [the corporation's] assets are not currently being distributed to shareholders, and (iii) on this record there is no reason to believe that [the corporation's] liability to plaintiff, if any, will exceed its assets"); Agribank, FCB v. Cupples, 850 F. Supp. 780, 782 (E.D. Ark 1993) (refusing to grant declaratory relief regarding the priority of judgment creditor's liens on the claims asserted by their judgment debtors in another proceeding because "there will be no money to fight over unless the [judgment debtors] prevail in their state action").

Glenn's claims fail to satisfy the second prong of the ripeness standard as well because he cannot demonstrate his exposure to any hardship if the Court defers determining the amount of Glenn's fees until after an actual recovery by the Peterson Plaintiffs. Indeed, despite multiple opportunities, Glenn has never so much as attempted to articulate any prejudice that would result from following the sensible course of allowing the Peterson Plaintiffs to recover actual compensation before adjudicating the amount of the fees to which Glenn is entitled. Glenn's failure to allege a ripe, justiciable controversy therefore compels the dismissal of his claims pursuant to Fed. R. Civ. P. 12(b)(1). E.g., N.Y. Civil Liberties Union v. Grandeau, 528 F.3d 122, 131 (2d Cir. 2008) ("Prudential ripeness is a tool that courts may use to enhance the accuracy of their decisions and to avoid becoming embroiled in adjudications that may later turn out to be unnecessary.").

2003) (where venue is improper, court may, in its discretion, dismiss the action or transfer it to an appropriate jurisdiction).

**CONCLUSION**

For all the foregoing reasons, Plaintiff's complaint against Defendants Fay, Perles, and Fay & Perles should be dismissed in its entirety, or in the alternative, this case should be transferred to the United States District Court for the District of Columbia.

Dated: June 3, 2011

Respectfully submitted,

FAY KAPLAN LAW

By: /s/ Annie Kaplan
777 Sixth Street NW, St. 410
Washington, DC 20001
(202) 589-1300

*Counsel for Defendants Thomas Fortune Fay and Fay & Perles*

STONE BONNER & ROCCO LLP

By: /s/ James P. Bonner
260 Madison Avenue, 17th Floor
New York, New York 10016
(212) 239-4340

*Counsel for Defendant Steven Perles*