UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAY GLENN,
Plaintiff,

v.                                        Case No. 1:16-cv-01452-RCL

THOMAS FORTUNE FAY,
FAY LAW GROUP, P.A.,
STEVEN R. PERLES, and
PERLES LAW FIRM, P.C.,
Defendants.

**MEMORANDUM OF LAW IN REPLY TO GLENN'S OPPOSITION TO FAY
DEFENDANTS'MOTION TO DISMISS**

**I. Introduction**

Plaintiff Jay Glenn asserts that his claim here is not time-barred even though he elected in 2010 to treat the Fay Defendants' repudiation of his contract as a breach. Plaintiff asserts that this action is not time barred because he falsely claims that he fully performed his contract.

Although Plaintiff did not fully perform, for the reasons outline below, Plaintiff's claim is without merit and should be rejected by the court.

Plaintiff's argument deals with the question of whether the remedy of money damages was available for the cause of action he elected to assert by filing suit in the Southern District of New York in 2010. Plaintiff's election, and that filing, started the clock on the statute of limitations for any cause of action on his contract, regardless of the remedy available or sought.

1

The doctrine Plaintiff invokes arises in part because in certain cases money damages are uncertain upon repudiation, not because no remedy is available. Nothing about the doctrine is inconsistent with the binding authority of *East banc, Inc. v. Georgetown Park Associates II, L.P.*, 940 A.2d 996, 1007-08 (D.C. 2008), which expanded remedies available to Plaintiff by allowing him to elect immediately to treat repudiation as breach, freeing him from the requirement of awaiting the contractual time of performance in order to assure a remedy for breach.

The Restatement of Contracts (Second) §253, on which Plaintiff relies, notes that remedies other than money damages are available immediately upon repudiation. *Id.*, note (d). Plaintiff in 2010 sought, in his own words, "declaratory judgments seeking to affirm Plaintiff's eventual right to payment and charging lien and related relief," Memorandum of Points and Authorities in Opposition to Fay Defendants' Motion to Dismiss, Doc. 11, 6. Those are exactly the kind of remedies contemplated as immediately available upon election to treat repudiation as breach.

The case of *Keefe Co. v. American Int'l., Inc.,* 755 A.2d. 469 (D.C. 2000), relied on by Plaintiff, is wholly consistent with the position of the Fay Defendants. *Keefe* recognized general doctrine and described special doctrine applicable to installment contracts. Plaintiff was granted a choice to go ahead or to forbear. He went ahead, and further action now is precluded.[1]

---

[1] Plaintiff's assertion that he fully performed his contract is factually incorrect. As set forth in the Declaration of Murphrey Knox in the related case of *Peterson v. Iran,* Case 1:01-cv-02094-RCL Document 551-1 (incorporated herein by reference), Plaintiff took only 41 of 82 depositions assigned to him by Defendants. All 82 depositions were recorded and clearly reflect that Mr. Glenn is not the attorney taking 41 of them.

2

Plaintiff's alternative argument, that the limitations period should be equitably tolled because the Fay Defendants argued that he lacked standing to assert his claims, is also without merit. No arguments by the Fay Defendants had any effect upon Plaintiff's election to treat repudiation as breach. In any case the Fay Defendants made no representations upon which Plaintiff could reasonably rely, which is a prerequisite to the kind of tolling Plaintiff seeks.

Plaintiff's third argument, that he has a valid declaratory judgment claim, again confounds the questions of whether a cause of action exists and what remedy is available if one does exist. Plaintiff has no cause of action under the Declaratory Judgment Act. If he has a claim in contract that is within the jurisdiction of this Court, the Declaratory Judgment Act makes a particular remedy available to him. Because he elected in 2010 to treat repudiation as breach any claim based on his contract is time-barred, and no remedy, including declaratory judgment, is available to him.

## II. Plaintiff's Claim is Time-Barred

District of Columbia law unambiguously gave Plaintiff an option upon repudiation (anticipatory breach): he could await the time for performance by the Fay Defendants, and sue; or, he could sue immediately. *Eastbanc, supra*, 940 A.2d, 1004 ("'The aggrieved party is entitled to sue either when the anticipatory repudiation occurs or at the later time for performance under the contract. The time of accrual consequently depends on whether the injured party chooses to treat the anticipatory repudiation as a present breach.' 1 Corman, § 7.2.1, at 488. In essence, this rule gives the plaintiff an option—sue now (if the contract has been repudiated

3

in anticipation of nonperformance) or sue later (at the time of nonperformance).")
*See Roehm v. Horst*, 178 U.S. 1, 13 (1900), cited with approval in *Eastbanc,* 940 A.2d, 1004  (repudiation allows promisee to elect to sue upon repudiation or at time promisor's performance is due); *Keefe, supra*, 755 A.2d., 472 (differentiation installment agreements from general rules regarding statute of limitations).  Mr. Glenn elected the latter route.

Plaintiff argues here, "[T]he anticipatory breach doctrine does not apply to contracts which the complaining party has fully performed."  Doc. 11, 2.  That argument also lacks merit. If that were true, Mr. Glenn had no cause of action when he sued in 2010 and has none now.   The assertion is not true and Mr. Glenn's present claim remains time-barred.

The Restatement of Contracts (Second) §253[2], on which Mr. Glenn relies, does not deal with the question of whether a cause of action in contract exists upon repudiation by one party after the other has performed.  It deals with whether further duties of the non-repudiating party are excused, and whether damages are immediately available for breach.  Mr. Glenn cites Comment c to § 253 for the

---

[2] The section provides:

§ 253 Effect of a Repudiation as a Breach and on Other Party's Duties

 (1) Where an obligor repudiates a duty before he has committed a breach by non-performance and before he has received all of the agreed exchange for it, his repudiation alone gives rise to a claim for damages for total breach**.**
(2) Where performances are to be exchanged under an exchange of promises, one party's repudiation of a duty to render performance discharges the other party's remaining duties to render performance.

Restatement (Second) of Contracts § 253 (1981)

proposition that repudiation after full performance "gives rise to no claim for damages at all." *See* Doc. 11, 3 (citing Note C, but the quoted text clearly invokes Comment c). Comment d, however, makes clear that § 253 deals only with availability of the remedy of damages for total breach, not with whether a cause of action exists and not with whether other remedies – remedies Plaintiff sought in 2010, and seeks now – are available:

> The limitation described in Comment c sometimes avoids difficult problems of forecasting damages and is supported by the clear weight of authority. It has, however, been subjected to considerable criticism, and instances of its actual application are infrequent… A court can often avoid harsh results by making available other types of relief, such as a declaratory judgment or restitution. See §§ 345, 373 and Comment a to § 373. I

Restatement (Second) of Contracts § 253 (1981). The remedies the Restatement encourages are not available absent the existence of a cause of action based on the contract. That cause of action existed when Plaintiff elected to assert it in 2010. His failure to pursue it further with the prescribed period of limitations precludes further assertion of it now.

Comment d both describes the reason for the doctrine – potential difficulty in forecasting damages – and hints at a sharp, and irrelevant, academic debate pitting Professor Williston, relied on by Plaintiff, Doc. 11, against the weight of authority and commentary. *See*, Arthur Rosett, *Partial, Qualified, and Equivocal Repudiation of Contract*, 81 Colum. L. Rev. 93, 95–97 (1981). That debate had much to do with applicability of the doctrine to installment contracts, a debate rendered moot by acceleration clauses. *Id.*, 81 Colum. L. Rev., 100–01. *See Keefe, supra*, 755 A.2d, 472, 477. Professor Williston, as noted by Plaintiff, Doc. 11, 3, would not afford the

option of filing an action upon repudiation. The Restatement did not adopt that position; nor did the drafters of the Uniform Commercial Code, U.C.C. § 2-610; nor did the Supreme Court, *Roehm v. Horst, supra*, 178 U.S. 1 (1900); nor, more important, did the District of Columbia.  *Eastbanc, supra, Keefe, supra.*.

### III.  No Arguments Made by the Fay Defendants in Plaintiff's 2010 Action Lead to Equitable Tolling of the Statute of Limitations

The "hurdle [to establish equitable tolling] is high" and courts will exercise this power only in "extraordinary and carefully circumscribed instances." *Smith-Haynie v. District of Columbia*, 155. F.3d 575, 579-80 (D.C. Cir. 1998). A plaintiff seeking the extraordinary remedy of equitable tolling "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).   Plaintiff fails to establish either element.

Plaintiff relies on *Bailey v. Greenberg*, 516 A.2d 934, 937 (D.C. 1986)(quoting *Hornblower v. George Washington University*, 31 App.D.C. 64, 75 (1908)), for the proposition that estoppel will lie when an opposing party makes representations "'that would tend to lull the plaintiff into inaction, and thereby permit the limitation prescribed by the statute to run.'" Doc. 11, 8. *Bailey* is grossly factually inapposite. It involved an assertion that a defendant, through his insurance company, "'lulled' [the plaintiff] into not filing suit within the three-year limitation period through 'the appearance that [the insurance company] was processing her claims for payment, without the necessity of litigation." Id, 516 A.2d, 937 (D.C. 1986).  Even in the case of a layperson dealing with a sophisticated insurer the Court found the case close, noting, "*Hornblower* and succeeding cases in his jurisdiction have interpreted

6

[lulling] narrowly." *Id.*, 937, and reviewing its own decisions to demonstrate that application is narrow, indeed. Particularly apposite to Plaintiff, the court noted, "[A]n attorney is subject to a different standard than a layperson with respect to knowledge of statutes of limitations." *Id.*, 940.

Plaintiff, a licensed practicing attorney, invoked his right to sue in 2010, and then slept on his rights for six years. His assertion that the Fay Defendants' arguments in a contested proceeding lulled him into inaction is facially ludicrous.

**IV. Plaintiff Has No Claim Under the Declaratory Judgment Act**

As the Fay Defendants have noted, the Declaratory Judgment Act does not create a cause of action. *Malek v. Flagstar Bank*, 70 F. Supp. 3d 23, 28 (D.D.C. 2014). Mr. Glenn invokes *Nat'l R.R. Passenger Corp. v. Consol. Rail Corp.*, 670 F. Supp. 424, 430 (D.D.C. 1987) for the proposition, "The legislative history of the Declaratory Judgment Act indicates that one of Congress' purposes for creating the act was to enable parties in a dispute over contract rights to secure a declaration about such rights before any breach of the contract." The proposition does not help Mr. Glenn. The parties in *Nat'l R.R. Passenger Corp.* had a "dispute over contract rights" – whether Amtrak owed a duty of indemnification under a contract with Conrail. *Id.*, 428-29. The only question at issue was whether that dispute, already recognized at law, was sufficiently ripe to satisfy the Article III test that it was a case or controversy in which the Court permissibly could provide a remedy. The Court's holding – "this Court is in a position to issue a conclusive decree which admits of specific relief," *id.*, 428 – describes the remedial capacity of the Court and does not address whether a cause of action existed. Notably, it echoes and illustrates the

position of the Restatement that remedies other than money damages can be available for repudiation of a contract.

Similar to *Nat'l R.R. Passenger Corp.*, Plaintiff's suit in 2010 was a dispute over contract rights in which he sought declaratory relief. His current action is a dispute over the same contract rights in which he seeks, in part, the same remedy. The existence of the Declaratory Judgment Act has no bearing on his election in 2010 to treat repudiation as a breach and his failure to take any further action within the statutorily prescribed period. *See U.S. Trust Co. of Delaware v. Sun Life Assur. Co. of Canada,* 2014 WL 33670, at *2 (W.D. Wash. 2014) ("Declaratory judgment actions borrow their statute of limitations from the underlying controversy.")

## V. Conclusion

Plaintiff's case being time-barred, it must be **DISMISSED WITH PREJUDICE** with regard to Defendants Thomas Fortune Fay and Fay Law Group, P.A.

    Respectfully submitted,

    FAY LAW GROUP, P.A.

    <u>By: /s/John Vail</u>
    John Vail, of Counsel   (DC Bar 461512)
    777 Sixth Street, NW
    Suite 410
    Washington, D.C.  20001
    (202) 589-1300
    Fax  589-1721
    john@johnvaillaw.com

        BOND & NORMAN LAW, P.C.

        *By: /s/Ferris Ridgely Bond*
        Ferris Ridgely Bond (D.C. Bar 372607)
        777 6th Street, N.W.
        Suite 410
        Washington, D.C. 20001
        202-638-4100 telephone
        202-207-1041 fax
        Ferrisbond@bondandnorman.com


        *By: /s/Jane Carol Norman*
        Jane Carol Norman (D.C. Bar 384030)
        777 6th Street, N.W.
        Suite 410
        Washington, D.C. 20001
        202-638-4100 telephone
        202-207-1041 fax
        Janenorman@bondandnorman.com

        *Attorneys for Defendants Thomas Fortune Fay and Fay Law Group, P.A.*


## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing Memorandum of Law in Reply to Glenn's Opposition To Fay Defendants' Motion to Dismiss was filed electronically via the Court's ECF system on August 9, 2016 and were served electronically at that time on all counsel of record, all of whom are registered to receive filings via the Court's ECF system.

        */s/Ferris Ridgely Bond*
        Ferris Ridgely Bond