**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JAY GLENN,

      Plaintiff,

vs.                                                                            Civil No.: 1:16-cv-01452-RCL

THOMAS FORTUNE FAY, *et al.,*

      Defendants.

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF**
**MOTION TO DISMISS OF DEFENDANTS**
**STEVEN R. PERLES AND PERLES LAW FIRM, P.C.**

The Plaintiff – Jay Glenn, Esquire – brings a single cause of action in this case, for

declaratory judgment.  This is a thinly-veiled effort to sidestep the requirement that a claim for

declaratory judgment be founded on an underlying claim at law.  Glenn seeks to avoid the fact

that his true cause of action is for breach of contract, a claim that would clearly be barred by the

three-year statute of limitations and which, further, cannot be properly pled.  Glenn's resort to a

claim for declaratory judgment is further flawed and futile because such a claim cannot stand on

its own under the circumstances alleged in the Complaint.  The Complaint must, therefore, be

dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

The bases for this Motion to Dismiss are set forth below.  Furthermore, movants, Steven

R. Perles and Perles Law Firm, P.C. (collectively, "Perles"), further adopt and incorporate herein

by reference the Motion to Dismiss and related documents filed by Thomas Fortune Fay and Fay

Law Group, P.A. (Docket Numbers 7, 8, 12), incorporated herein by reference ("Fay's Motion to

Dismiss").

## I.    BACKGROUND

Glenn filed his Complaint against Perles and the other Defendants – Thomas Fortune Fay

and Fay Law Group, P.A. (collectively "Fay") – on or about July 14, 2016.  Perles and Fay were

lead counsel in the action captioned *Peterson v. Islamic Republic of Iran*, Case Nos. 01-cv-2094,

01-cv-2684 (RCL) (D.D.C.), a case that they commenced in this Court on behalf of the Marine

Barracks bombing victims and their relatives (the "*Peterson* Case").[1]  Glenn alleges that he entered

into contracts with Fay and Perles under which he performed legal services in the *Peterson* case

for which he was to be paid a portion of the attorney fees arising out of that case.  Glenn now seeks

a declaratory judgment under 28 U.S.C. § 2201 that he is entitled to payment from the Defendants.

To justify his claim for fees, Glenn relies upon two purported fee agreements with

Defendants, *i.e.*, a written "Associate Counsel Agreement" dated June 13, 2003, and an oral

"Additional Fee Agreement" of an unspecified date.  *Complaint,* ¶¶ 13-16.  Glenn alleges that he

"fulfilled all of his responsibilities in 2007, when judgments were entered in the *Peterson* action

in favor of plaintiffs represented by Glenn . . . ."  *Complaint,* ¶ 3.  Based on these allegations,

Glenn seeks a declaration from this Court that he is entitled to be paid under the Associate Counsel

Agreement and the Additional Fee Agreement.

Yet Glenn frankly admits that the Defendants told him in no uncertain terms in 2010 that

they were not going to pay him.  Indeed, Glenn bluntly states that the Defendants "repudiated their

payment obligations to Glenn in 2010 . . . ."  *Complaint*, ¶3.  He elaborates: "Glenn was advised

by Fay in 2010 that Glenn would not be paid any amount under the Associate Counsel Agreement

or the Additional Fee Agreement."  *Complaint*, ¶22.  He continues, "Defendants have repudiated

---

[1]  The *Peterson* case and other cases at issue in this lawsuit involved claims by plaintiffs who were injured directly or indirectly as a result of the bombing by Iranian agents of the Marine Corps Barracks in Beirut, Lebanon in 1983. This Court is well aware of the facts and history involved in the *Peterson* case, so they will not be elaborated on here.

their payment obligations to Glenn under both agreements and have informed Glenn that they will

not be remitting to him the amounts due under those agreements." *Complaint*, ¶29.

On the face of the Complaint, Glenn concedes that the Defendants allegedly breached their

purported payment obligations to him in 2010.  Glenn confirmed his belief that the Defendants

breached the parties' alleged agreement when he filed a lawsuit in 2011 against the same

Defendants in the Southern District of New York in *Glenn v. Fay, et al.*, Case No. 1:10-cv-08287-

WHP, in which Glenn sought the same declaratory relief that he now seeks in this action.  *See*

*Fay's Motion to Dismiss*, Exs. 1-3.

As explained below, Glenn cannot pursue a naked declaratory judgment action as he has

attempted to do in this case.  Instead, it must be linked to a viable cause of action.  The only

conceivable action in that regard would be breach of contract, but any such claim is plainly time

barred, and Glenn, in addition, failed to properly plead a breach of contract.

## II.     ARGUMENT

### A.     28 U.S.C. § 2201 Does Not Create A Separate Cause of Action.

28 U.S.C. § 2201, which is the sole basis on which Glenn brings this suit, merely affords a

prayer for relief, not a cause of action.  "A count for declaratory judgment is not cognizable as a

separate cause of action, but is more properly included in the prayer for relief." *Bartlett v.*

*Overslaugh,* No. 12-1306 (ABJ), 2016 WL 1060200, at *8 (D.D.C. Mar. 11, 2016) (quoting

*Bridges v. Blue Cross & Blue Shield Ass'n,* 935 F. Supp. 37, 45 (D.D.C. 1996)).  The Declaratory

Judgment Act "is not an independent source of federal jurisdiction" and "the availability of

[declaratory] relief presupposes the existence of a judicially remediable right." *Mpras v. D.C.,* 74

F. Supp. 3d 265, 273 (D.D.C. 2014) (quoting *C&E Servs., Inc. of Wash. v. D.C. Water and Sewer*

*Auth.,* 310 F.3d 197, 201 (D.C. Cir. 2002)).  28 U.S.C. § 2201 "does not create a substantive cause

of action, but can only be invoked to address a controversy arising under other substantive law."
*In re N.J. Firemen's Ass'n Obligation to Provide Relief Applications under Open Public Records
Act*, 443 N.J. Super. 238, 256, 128 A.3d 716, 726-27 (N.J. Super. Ct. App. Div. 2015).

The Declaratory Judgment Act cannot save a complaint from dismissal if it fails to state a
separate and sufficient cause of action. *Mpras,* 74 F. Supp. 3d at 273. In this case, Glenn has not
even attempted to state "the existence of a judicially remediable right." There is, simply put, no
cause of action or claim asserted in this case other than the claim asserted under 28 U.S.C. § 2201.
Because the declaratory judgment claim cannot be a self-sustaining action, the Complaint must be
dismissed.

B. **Glenn's Claim Is Barred By The Statute of Limitations.**

Even if the Complaint is saved by construing it to allege a breach of contract claim, this
claim is plainly barred by the statute of limitations. There is no question that a claim under 28
U.S.C. § 2201 must stem from an underlying "case of actual controversy." 28 U.S.C. § 2201(a).
The only underlying controversy in this case is the Defendants' alleged breach of the Associate
Counsel Agreement and the Additional Fee Agreement. Thus Glenn cannot succeed unless he is
able to properly plead a claim for breach of contract. But contract claims in the District of
Columbia are governed by a three-year statute of limitations under D.C. Code § 12-301(7), and
that three-year period expired long ago. It necessarily follows that Glenn's claim for declaratory
relief must be dismissed. "A court may dismiss as moot a claim for declaratory relief where the
claim duplicates or is wholly subsumed by another claim that has been dismissed." *Bartlett v.
Overslaugh,* No. 12-1306 (ABJ), 2016 WL 1060200, at *8 (D.D.C. Mar. 11, 2016).

As noted above, Glenn concedes on the face of the Complaint that Fay told him in 2010
the Defendants were not going to pay him under either alleged contract. Glenn describes this event

in his Complaint as the Defendants' repudiation of their contractual obligations. *Complaint*, ¶¶ 3, 22, 29. Plainly, any such repudiation would constitute the breach of the purported contract and begin the clock on the statute of limitations. Glenn himself acknowledged as much when he sued the Defendants for this same reason in the Southern District of New York in 2011.

The Defendants' alleged repudiation of the contracts in 2010 and Glenn's initiation of litigation in 2011 unmistakably commenced the running of the three-year period of limitations. Under *Eastbanc, Inc. v. Georgetown Park Assocs. II, L.P.,* 940 A.2d 996, 1007-07 (D.C. 2008), the statute of limitations began to run in 2010 when the alleged repudiation occurred, and certainly not later than April 15, 2011, the date of Glenn's filing of the New York action.

The D.C. Court of Appeals has further held that, when a defendant notified his broker that he would not pay any commission under the parties' agreement, that notice triggered the running of the statute of limitations. *Medhin v. Hailu,* 26 A.3d 307, 311 (D.C. 2011). "When Hailu represented to Medhin that he would not pay any commission, Medhin could have sued to enforce his rights under the parties' brokerage agreement." *Id.* (citing *News World Communications, Inc. v. Thompsen,* 878 A.2d 1218, 1224–25 (D.C. 2005)) ("[T]he statute of limitations began to run no later than [the date] Ms. Thompsen had performed her last service to the Times, [and] the Times had declined to compensate her . . ., for by that date she had been definitively told that she would not be paid."); *Pardue v. Center City Consortium Sch. of Archdiocese of Wash., Inc.,* 875 A.2d 669, 679 (D.C. 2005) (holding that notice of appellee's "failure to pay ... gave rise to [appellant's] claim and marked the accrual of her cause of action").

In reliance on the *Medhin* decision, and applying D.C. law, this Court has held that the statute of limitations begins to run "when a party has been made aware that the other is refusing to perform". *LoPiccolo v. American University*, 840 F. Supp. 2d 71, 78 (D.D.C. 2012). This Court

has also held that the statute of limitations for breach of an employment contract began to run from the date the plaintiff received notice that his contract would not be renewed for the following school year. *Gauer v. Gallaudet Univ.,* 915 F. Supp. 2d 145, 148 (D.D.C. 2013).  The plaintiff in that case alleged that the notice from his employer was an anticipatory repudiation, *i.e.*, "an intention to breach the contract five months hence, at the start of the new academic school year…when [defendant's] performance under the employment contract came due." *Id.* at 147-48. The plaintiff in that case contended that the statute of limitations did not begin to run until the first day of the new school year, but the *Gauer* court rejected that argument, holding that notice of a later breach was itself a breach of contract, thus triggering the statute of limitations. *Id., citing Allison v. Howard University,* 209 F. Supp. 2d 55 (D.D.C. 2002); *see LoPiccolo v. American University*, 840 F. Supp. 2d 71 (D.D.C. 2012).

These cases make it abundantly clear that the statute of limitations on any claim that Glenn could bring for breach of contract began to run from the date he received notice from Fay in 2010, and certainly not later than 2011 when he filed a lawsuit against the same Defendants in a different court.  Therefore, any possible claims for breach of contract, and the stated claim for declaratory judgment, are barred by the statute of limitations on the face of the Complaint.

### C. <u>Glenn Did Not Properly Plead Any Claim for Breach Of Contract.</u>

Even if Glenn's claim was subject to a declaratory judgment and was not barred by limitations, he failed to plausibly plead the necessary elements of a breach of contract claim against Perles with respect to both the alleged written and oral agreements.  *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)*, Ashcroft v. Iqbal,* 556 U.S. 662 (2009), *New Economy Capital, LLC v. New Markets Capital Group,* 881 A.2d 1087, 1094 (D.C. 2005), and Federal Rule of Civil Procedure 8(a)(2).

The pleading standard set forth in *Twombly* and *Iqbal* requires more than "a formulaic recitation of a cause of action's elements." *Twombly,* 550 U.S. at 545. A complaint must contain "sufficient factual matter… to state a claim for relief that is plausible on its face." *Id.* at 570. There are four elements to a breach of contract claim in the District of Columbia; "(1) a valid contract between the parties; (2) an obligation or duty arising out of the contract; (3) a breach of that duty; and (4) damages caused by breach." *Tsintolas Realty Co. v. Mendez*, 984 A.2d 181, 187 (D.C. 2009). Although Glenn alleges the existence of a written contract with Fay and Perles, *i.e.*, the Associate Counsel Agreement, he fails to plead specifically the facts that would, under the pleading requirements of *Twombly*, establish the essential elements of breach of contract or damages.[2]

Moreover, Glenn has failed to state a claim against Perles for breach of the oral "Additional Fee Agreement." As described in the Complaint, this is admittedly an oral agreement, and it is alleged to have been agreed to only by Fay; Perles is not mentioned. Glenn has failed to allege any facts that would support a claim against Perles for breach of this alleged oral contract. "[F]or an enforceable contract to exist, there must be both (1) agreement as to all material terms; and (2) intention of the parties to be bound. That is, the alleged oral agreement ... [must] meet [ ] the dual requirements of intent and completeness." *New Economy Capital, LLC v. New Markets Capital Group,* 881 A.2d 1087, 1094 (D.C. 2005) (citations and internal quotation marks removed). No facts have been alleged as to Perles that would satisfy either of these requirements with respect to the oral "Additional Fee Agreement." No facts are alleged that demonstrate that there was any meeting of the minds between Perles and Glenn or that this was in any way an

---

[2]  To the extent that the Court concludes that Glenn has set forth the elements of a claim for breach of contract, he has already conceded that any such claim arose in 2010, and it is therefore untimely, as explained above.

enforceable, arms-length transaction.[3]  The burden of properly pleading such elements is on Glenn.

*Id*.  Glenn has utterly failed to allege the essential elements of a claim against Perles arising out of

the "Additional Fee Agreement."

In sum, to the extent  that Glenn has attempted to assert a claim against Perles arising out

of a breach of the alleged written or oral agreements, any such claim must be dismissed under Rule

12(b)(6) for failure to state a claim.

## III.    CONCLUSION

No bald claim can lie under 28 U.S.C. § 2201, the sole claim asserted in this case, and the

only potential underlying claim, for breach of contract, is plainly time barred and was not properly

---

[3]  Indeed, should this matter proceed beyond the pleading stage, the facts will show that Glenn is Fay's brother-in-law, that Fay involved Glenn in the *Peterson* case with little or no input with Perles, and that this lawsuit is really a familial dispute to which Perles is not a party.  Indeed, nowhere does Glenn allege – or even suggest – that Perles had any knowledge of any conversations between Fay and Glenn regarding the "Additional Fee Agreement" or any representations that Fay allegedly made in that regard.  Perles cannot be held responsible for secret conversations between brothers-in-law to which he was not party and had no knowledge.

pled.  Accordingly, the Complaint must be dismissed.  Furthermore, the defects in Glenn's lawsuit

cannot be remedied, and therefore the dismissal should be with prejudice.

Respectfully submitted,

BREGMAN, BERBERT, SCHWARTZ & GILDAY, LLC

By:        _____/s/ Douglas M. Bregman_____
           Douglas M. Bregman #218354


By:        _____/s/ Geoffrey T. Hervey_____
           Geoffrey T. Hervey #415907

           7315 Wisconsin Avenue
           Suite 800 West
           Bethesda, Maryland 20814
           (301) 656-2707 – telephone
           (301) 961-6525 – facsimile
           dbregman@bregmanlaw.com
           ghervey@bregmanlaw.com

           *Counsel for Defendant Perles*